

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BARRY BAKER
INMATE NO. LX 3306
SCI CAMP HILL
PO BOX 200
CAMP HILL, PA 17001

          Plaintiff,

          v.

CHESTER COUNTY
313 WEST MARKET STREET
WEST CHESTER, PA 19380

          &

CORRECTIONAL OFFICER
LUCAS-MURPHY
313 WEST MARKET STREET
WEST CHESTER, PA 19380

          &

CORRECTIONAL OFFICER MORGAN
313 WEST MARKET STREET
WEST CHESTER, PA 19380

          &

CORRECTIONAL OFFICER JOHN DOE
313 WEST MARKET STREET
WEST CHESTER, PA 19380

          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

No.:    18    1013

TRIAL BY JURY DEMANDED

**FILED**

MAR - 6 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his attorney Brian J. Zeiger, Esq., hereby alleges the following:

1

## PARTIES

1. Plaintiff Barry Robert Baker, Jr. is an adult individual who was an inmate at the Chester County Prison in Pennsylvania.

2. At all times material to this action, Defendant Chester County is a Municipality in Pennsylvania with a location of 313 West Market Street, West Chester, PA 19380, doing business in the Commonwealth of Pennsylvania.

3. Defendant Correctional Officer John C. Thomas is an adult individual who, on information and belief, is a resident of the Commonwealth of Pennsylvania, and is being sued in both his official and individual capacity.

4. Defendant Correctional Officer Lucas-Murphy is an adult individual who, on information and belief, is a resident of the Commonwealth of Pennsylvania, and is being sued in both his individual and official capacity.

5. Defendant Correctional Officer Morgan is an adult individual who, on information and belief, is a resident of the Commonwealth of Pennsylvania, and is being sued in both his individual and official capacity.

6. Defendant Correctional Officer Doe is an adult individual who, on information and belief, is a resident of the Commonwealth of Pennsylvania, and is being sued in both his/her individual and official capacity.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. § 1983.

8. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) as the defendants are residents of this district and all the events giving rise to the claim occurred in this district.

2

## FACTUAL BACKGROUND

10.    On or about July 31, 2017, Defendant Lucas-Murphy attacked Plaintiff without any basis, seriously injuring him in the process.

11.    On the same date and time, Defendants Morgan and Doe stood by and watched as Defendant Lucas-Murphy continued to attack the Plaintiff.

12.    On the same date and time, Defendant Chester County did not properly train and/or supervise the individual defendant correctional officers how to properly discipline an inmate, and/or did not properly train and/or supervise its staff of correctional officers generally.

13.    At all times relevant to this action Plaintiff was an inmate at Chester County Prison.

14.    At all times relevant to this action Defendant Lucas-Murphy, Morgan and Doe were working at Chester County Prison.

15.    Some time days before July 31, 2017, Plaintiff had been transferred to a new cell. Some time days before July 31, 2017, Plaintiff had been written up for having a clothesline in his cell. The clothesline was in the cell prior to Plaintiff's arrival—the clothesline was not his.

16.    On July 31, 2017, the individual defendant entered Plaintiff's cell to take his television as punishment for the clothes line incident.

17.    Plaintiff vocalized an objection and asked for a supervising officer.

18.    Due to Plaintiff's request for a supervisor, Defendant Lucas-Murphy because incensed with rage and anger and lunged for Plaintiff.

19.    Defendant Lucas-Murphy, with an open palm, slapped Plaintiff in the head with great force.

20.    As a direct result of Defendant Lucas-Murphy's actions, Plaintiff hit the wall headfirst and was in and out of consciousness.

3

21. Defendant Lucas-Murphy hip-tossed Plaintiff to the ground.

22. Defendant Lucas-Murphy picked up Plaintiff and threw him to the ground.

23. Plaintiff's left shoulder and left side of his face hit the ground with great force.

24. Defendant Lucas-Murphy "swept the floor" with the left side of Plaintiff's head.

25. Defendants Morgan and Doe stood by and watched.

26. Defendant Morgan told Defendant Lucas-Murphy that Plaintiff "had enough."

27. However, Defendant Morgan did not intervene.

28. Due to the brain injury caused by Defendant Lucas-Murphy's actions, Plaintiff had a seizure and began to foam, spit, make noises, and flop.

29. Defendant Morgan at this point intervened and got help for Plaintiff and removed Defendant Lucas Murphy from the scene.

30. Plaintiff suffered a separated shoulder.

31. Plaintiff suffered a concussion.

32. Plaintiff suffered a brain injury resulting in a seizure disorder.

33. Plaintiff had a second seizure on August 29, 2017.

34. Plaintiff never had a concussion in his life prior to this matter.

35. Defendant Lucas-Murphy falsely wrote-up Plaintiff for attacking him.

36. Chester County Prison has a sham system for disciplinary hearings.

37. As a result, Plaintiff was found to have assaulted an Defendant Lucas-Murphy and related charges, and given 50 days in the hole.

38. Defendants Morgan and Doe were present, watched the assault, and did nothing to intervene.

4

39.    Plaintiff was severally injured by the incident. His injuries include but are not limited to a concussion, brian injury, seizure disorder, and a separated shoulder.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40.    Plaintiff filed a grievance with Chester County Prison related to the attack.

41.    On August 15, 2017, the grievance was acknowledged, a notice of investigation was issued, and an extension of time was given to investigation in incident.

42.    On August 16, 2017, the grievance was dismissed and unfounded by Captain Sergi on complaint number 48416-081517.

## COUNT I:  EXCESSIVE FORCE
## EIGHTH AND FOURTEENTH AMENDMENTS
## PURSUANT TO 42 U.S.C § 1983
## PLAINTIFF V. DEFENDANT LUCAS-MURPHY

43.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

44.    Defendant Lucas-Murphy was acting as a correctional officer when he intentionally seized Plaintiff.

45.    Defendant Lucas-Murphy intentionally grabbed Plaintiff, threw him to the ground, struck him, and otherwise subjected him to intentional force while seizing him.

46.    Defendant Lucas-Murphy use of force constituted excessive force under the circumstances in that Defendant Lucas-Murphy:

   a.   had no lawful basis to seize Plaintiff;

   b.   had no reason to believe that Plaintiff posed any threat to the officer or any other;

   c.   had no reason to believe that Plaintiff was armed or otherwise dangerous;

   d.   was not reacting to any show of force by Plaintiff;

   e.   was not threatened in any way with physical force by Plaintiff;

5

f.  was not subject to any physical force or active resistance by Plaintiff;

g.  did not employ the least amount of force available to him in the circumstances;

h.  had no reasonable justification under the circumstances to use such force; and

i.  lacked reasonable justification in other ways not yet known to Plaintiff.

47.  Defendant Lucas-Murphy' actions and omissions on August 30, 2016, were intentional, malicious and wanton.

48.  Defendant Lucas-Murphy's actions in using force were malicious, for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline.

49.  More specifically, Defendant Lucas-Murphy's actions were malicious in that he committed the acts alleged to intentionally injure the Plaintiff, without just cause or reason, with excessive cruelty or delight in cruelty.

50.  Defendant Lucas-Murphy's actions and omissions, were a direct and proximate cause of Plaintiff's injuries and damages.

51.  As a direct and proximate result of Defendant Lucas-Murphy's conduct, Plaintiff suffered and underwent great pain and continues to do so.

52.  As a direct and proximate result of Defendant Lucas-Murphy's excessive force, Plaintiff suffered serious physical injuries.

53.  Plaintiff also makes a claim for such injuries, damages and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendant Lucas-Murphy a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

**COUNT II: FAILURE TO INTERVENE**
**EIGHTH AND FOURTEENTH AMENDMENTS**

6

## PURSUANT TO 42 U.S.C § 1983
## PLAINTIFF V. DEFENDANT MORGAN AND DEFENDANT DOE

54. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

55. Defendants Morgan and Doe were acting as correctional officers at the time Defendant Lucas-Murphy caused Plaintiff to be injured.

56. Defendants Morgan and Doe had a duty to intervene in order to protect Plaintiff against excessive force by other correctional officers.

57. Defendants Morgan and Doe had a reasonable opportunity to intervene in order to protect Plaintiff against excessive force by other correctional officers in that they:

    a. were physically present at the scene of the attack and could have prevented it;

    b. could have timely prevented the attack;

    c. had the ability to request assistance on behalf of Plaintiff;

    d. had the ability to immediately stop the attack once it had begun; and

    e. could have acted to protect Plaintiff in other ways not yet known to Plaintiff.

58. Defendants Morgan and Doe violated that duty to intervene in that they:

    a. were actually aware of Defendant Lucas-Murphy's use of excessive force and did not intervene;

    b. were physically present at the scene of the attack and could have prevented the attack from occurring;

    c. did not stop the attack prior to Plaintiff becoming injured;

    d. did not immediately request assistance on behalf of Plaintiff;

    e. did not immediately restrain Defendant Lucas-Murphy; and

    f. did not act in other ways not yet known to Plaintiff.

7

59.   Defendant Morgan and Doe's actions and omissions on August 30, 2016, were a direct and proximate cause of Plaintiff's injuries and damages.

60.   Defendants Morgan and Doe acted intentionally, maliciously and wantonly, by failing to intervene when they were otherwise able.

61.   As a direct and proximate cause of Defendants Morgan and Doe's actions and omissions Plaintiff suffered and underwent great pain and continues to do so.

62.   As a direct and proximate result of Defendant Morgan and Doe's actions and omissions, Plaintiff suffered serious physical injuries including, but not limited to, a concussion, bruising around his head and face, bruising and other injuries to his back and neck, and other injuries, the full extent of which are not yet known.

63.   As a direct and proximate result of Defendant Morgan and Doe's actions and omissions, Plaintiff suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

64.   Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants Morgan and Doe, jointly and severally, a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT III - MONELL CLAIM UNDER 42 U.S.C. § 1983
### DEFENDANT CHESTER COUNTY (FAILURE TO TRAIN AND SUPERVISE)

65.   The proceeding paragraphs are incorporated herein by reference.

66.   Defendant Chester County had a duty to adequately train its employees at Chester County Prison to prevent the types of constitutional violations suffered by Plaintiff Baker.

8

67.    Defendant Chester County had a duty to adequately supervise its employees to prevent the types of constitutional violations suffered by Plaintiff Baker.

68.    Defendants Lucas-Murphy assaulted Plaintiff Baker, and Defendants Morgan and John Doe Defendants did nothing to stop it.

69.    Defendants Morgan and Doe each also had the opportunity to intervene on behalf of Plaintiff Baker, but none of these defendants did so.

70.    Defendant Chester County was aware that correctional officers would frequently encounter situations where decisions regarding the treatment of inmates would be made.

71.    Defendant Chester County was aware that correctional officers would encounter situations where intervention on behalf of an inmate being subject to constitutional violations would be required in order to either outright prevent or minimize the violations and related damages.

72.    Defendant Chester County was aware of the history of correctional officer employees mishandling these decisions and mishandling such situations.

73.    Defendant Chester County was further aware that such mishandling often caused violations of the Eighth Amendment rights of inmates.

74.    The failure to adequately train and supervise Defendants Lucas-Murphy, Morgan and John Doe Defendants resulted in the assault of Plaintiff Baker.

75.    The failure to adequately train and supervise Defendants Lucas-Murphy, Morgan and John Doe Defendants resulted in no one intervening to stop the assault.

76.    As a direct and proximate result of these failures by Defendant Chester County, Plaintiff Baker suffered severe physical and emotional injuries.

9

77.    Plaintiff Baker claims damages as a result of these severe physical and emotional injuries, which violated his rights under the United States Constitution and corresponding laws of the United States.

78.    Defendant Chester County has been deliberately indifferent to the rights of prisons, which deliberate indifference violates Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth.

79.    Defendant Chester County has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' right to be free of Excessive Force in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States, and the laws of the Untied States and of the Commonwealth of Pennsylvania.

80.    The Defendant Chester County, by failing to take action to train or supervisor its correctional officers, and by having a practice or custom of remaining deliberately indifferent to systematic abuse, acquiesced and/or condoned the policy and the actions of the individual defendants who violated Plaintiffs rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

81.    The Plaintiff believes and therefore avers the Defendant Chester County, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights under the Fourth Amendment of the Constitution of the United States.

10

82.     Defendant Chester County, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

83.     By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant Chester County condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

84.     The conduct of Defendant Chester County and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant Chester County, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

### COUNT IV: ASSAULT AND BATTERY (PENNSYLVANIA LAW) PLAINTIFF V. DEFENDANT LUCAS-MURPHY

85.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

11

86.    Defendant Lucas-Murphy intentionally subjected Plaintiff to physical force by striking him, grabbing him, throwing him, and otherwise subjecting him to unwanted touching.

87.    Defendant Lucas-Murphy intentionally put Plaintiff in apprehension of imminent physical force by threatening to strike him, grab him, throw him, and otherwise subject him to unwanted touching.

88.    Defendant Lucas-Murphy had no lawful privilege to engage in the use or threatened use of such force.

89.    Defendant Lucas-Murphy's actions and omissions were a direct and proximate cause of Plaintiff's injuries and damages.

90.    As a direct and proximate result of Defendant Lucas-Murphy's conduct, Plaintiff suffered and underwent great pain and continues to do so.

91.    As a direct and proximate result of Defendant Lucas-Murphy's excessive force, Plaintiff suffered serious physical injuries including, but not limited to, a concussion, bruising around his head and face, bruising and other injuries to his back and neck, and other injuries, the full extent of which are not yet known.

92.    As a direct and proximate result of Defendant Lucas-Murphy's excessive force, Plaintiff suffered serious mental and psychological injuries, including, but not limited to, anxiety, trauma, and depression.

93.    Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendant Lucas-Murphy a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, punitive damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

RESPECTFULLY SUBMITTED,

March 4, 2018
DATE

/s/Brian J. Zeiger
BRIAN J. ZEIGER, ESQ.
LEVIN & ZEIGER, LLP
TWO PENN CENTER
1500 JFK BLVD STE 620
PHILADELPHIA, PA 19102
215-825-5183
zeiger@levinzeiger.com
PA Bar Id. No. 87063

13